# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (For more detailed instructions, see separate instruction sheet.)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ALFONSO GONZALEZ—CONTRERAS,<br><br>Petitioner. | JOAQUIN L.G. SALAS, **03-00025**<br>United States Marshal for Guam and<br>the Northern Mariana Islands,<br><br>Respondent. |
| COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF_____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>HOWARD TRAPP<br>HOWARD TRAPP INCORPORATED<br>200 SAYLOR BUILDING<br>139 CHALAN SANTO PAPA<br>HAGATNA, GUAM 96910 | ATTORNEYS (IF KNOWN)<br>LEONARDO MATIS RAPADAS<br>UNITED STATES ATTORNEY FOR GUAM AND<br>THE NORTHERN MARIANA ISLANDS<br>SUITE 500, SIRENA PLAZA,108 HERNAN<br>CORTEZ AVENUE, HAGATNA, GUAM 96910 |

*(PLACE AN ☒ IN ONE BOX ONLY)* **BASIS OF JURISDICTION**

☐ **1** U.S. PLAINTIFF ☐ **2** U.S. DEFENDANT ☒ **3** FEDERAL QUESTION (U.S. NOT A PARTY) ☐ **5** LOCAL QUESTION

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
28 U.S.C. Secs. 2241 and 1331 and 48 U.S.C. Sec. 1424(b): Petition for Writ of Habeas Corpus by a person in Federal Custody.

*(PLACE AN ☒ IN ONE BOX ONLY)* **NATURE OF SUIT**

| | | ACTIONS UNDER STATUTES | | |
|---|---|---|---|---|
| **CONTRACT** | **TORTS** | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | **OTHER STATUTES** |

| CONTRACT | TORTS — PERSONAL INJURY | CIVIL RIGHTS | FORFEITURE/PENALTY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 INSURANCE | ☐ 310 AIRPLANE | ☐ 441 VOTING | ☐ 610 AGRICULTURE | ☐ 400 STATE REAPPORTION-MENT |
| ☐ 120 MARINE | ☐ 315 AIRPLANE PRODUCT LIABILITY | ☐ 442 JOBS | ☐ 620 FOOD & DRUG | ☐ 410 ANTI-TRUST |
| ☐ 130 MILLER ACT | ☐ 320 ASSAULT, LIBEL & SLANDER | ☐ 443 ACCOMMODA-TIONS | ☐ 630 LIQUOR LAWS | ☐ 420 TRUSTEE |
| ☐ 140 NEGOTIABLE INSTRUMENT | ☐ 330 FEDERAL EMPLOYERS' LIABILITY | ☐ 444 WELFARE | ☐ 640 R.R. & TRUCK | ☐ 421 TRANSFER (915b) |
| ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | ☐ 340 MARINE | ☐ 440 OTHER CIVIL RIGHTS | ☐ 650 AIRLINE REGS. | ☐ 422 APPEAL (801) |
| ☐ 151 MEDICARE ACT | ☐ 345 MARINE PRODUCT LIABILITY | | ☐ 660 OCCUPATIONAL SAFETY/HEALTH | ☐ 430 BANKS AND BANKING |
| ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS | ☐ 350 MOTOR VEHICLE | | ☐ 690 OTHER | ☐ 450 COMMERCE ICC RATES, ETC. |
| ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS | ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY | **LABOR** | | ☐ 460 DEPORTATION |
| ☐ 160 STOCKHOLDERS SUITS | ☐ 360 OTHER PERSONAL INJURY | ☐ 710 FAIR LABOR STANDARDS | | ☐ 810 SELECTIVE SERVICE |
| ☐ 190 OTHER CONTRACT | ☐ 365 PERSONAL INJURY PRODUCT LIABILITY | ☐ 720 LABOR/MGMT. RELATIONS | **PRISONER PETITIONS** | ☐ 850 SECURITIES COMMODITIES EXCHANGE |
| ☐ 195 CONTRACT PRODUCT LIABILITY | | ☐ 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT | ☐ 510 VACATE SENTENCE (2255) | **SOCIAL SECURITY** |
| | | ☐ 740 RAILWAY LABOR ACT | ☐ 520 PAROLE COMMISSION REVIEW | ☐ 861 HIA (1395ff) |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 790 OTHER LABOR LITIGATION | ☒ 530 HABEAS CORPUS | ☐ 862 BLACK LUNG (923) |
| ☐ 210 CONDEMNATION | ☐ 370 OTHER FRAUD | ☐ 791 EMPLOYEE RETIREMENT INCOME SECURITY ACT | ☐ 540 MANDAMUS & OTHER | ☐ 863 DIWC (405(g)) |
| ☐ 220 FORECLOSURE | ☐ 371 TRUTH IN LENDING | | ☐ 550 CIVIL RIGHTS | ☐ 863 DIWW (405(g)) |
| ☐ 230 RENT LEASE & EJECTMENT | ☐ 380 OTHER PERSONAL PROPERTY DAMAGE | **PROPERTY RIGHTS** | | ☐ 864 SSID Title XVI |
| ☐ 240 TORTS TO LAND | ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY | ☐ 820 COPYRIGHT | | ☐ 865 RSI (405 (g)) |
| ☐ 245 TORT PRODUCT LIABILITY | | ☐ 830 PATENT | | **TAX SUITS** |
| ☐ 290 ALL OTHER REAL PROPERTY | | ☐ 840 TRADEMARK | | ☐ 870 TAXES |
| | | | | ☐ 871 IRS-THIRD PARTY |

Other statutes column additional entries:
- ☐ 875 CUSTOMER CHALLENGE 12 USC 3410
- ☐ 891 AGRICULTURAL ACTS
- ☐ 892 ECONOMIC STABILIZATION ACT
- ☐ 893 ENVIRON-MENTAL MATTERS
- ☐ 894 ENERGY ALLOCATION ACT
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE ACT
- ☐ 950 CONSTITU-TIONALITY OF STATE STATUES
- ☐ 970 NARA, TITLE II
- ☐ 890 OTHER STATUTORY ACTIONS

**UNITED STATES DISTRICT COURT** (Continued on Reverse Side)

JS 44B
(Rev. 1/83)

**CIVIL COVER SHEET (Reverse Side)**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (For more detailed instructions, see separate instruction sheet.)

**INSTRUCTIONS:** After completing the front side of form JS 44B, complete the information requested below.

| ORIGIN *(PLACE AN ☒ IN ONE BOX ONLY)* |
|---|
| ☒1 ORIGINAL  ☐2 REMOVED FROM  ☐3 REMANDED FROM  ☐4 REINSTATED OR PROCEEDING  STATE COURT  APPELLATE COURT  REOPENED |
| ☐5 TRANSFERRED FROM (SPECIFY DIST.)  ☐6 MULTIDISTRICT LITIGATION  ☐7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGMENT |

| LOCAL QUESTION |
|---|
| ☐910 DOMESTIC RELATIONS  ☐930 PROBATE |
| ☐920 INSANITY  ☐940 SUBSTITUTE TRUSTEE  ☐990 OTHER |

**REMARKS**

| | | |
|---|---|---|
| ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | OTHER |
| *Check/Fill in if demanded in complaint* | | |
| | | **JURY DEMAND**  ☐ YES  ☒ NO |
| | | *Check YES only if demanded in complaint:* |

DATE    July 3, 2003

SIGNATURE OF ATTORNEY OF RECORD    Howard Trapp

COMMENTS (Use if additional space is required)

RECEIVED

JUL - 3 2003

DISTRICT COURT OF GUAM
HAGATNA, GUAM

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for petitioner

FILED
DISTRICT COURT OF GUAM

JUL - 3 2003

MARY L. M. MORAN
CLERK OF COURT

### DISTRICT COURT OF GUAM

------------

ALFONSO GONZALEZ-CONTRERAS,   (

         )

       Petitioner,   (

         )

       vs.   (

         )

JOAQUIN L.G. SALAS, United   (
States Marshal for Guam and   )
the Northern Mariana Islands,   (

         )

       Respondent.   (

Civil Case No. 03-00025

PETITION FOR WRIT OF HABEAS
CORPUS BY A PERSON IN FEDERAL
CUSTODY (22 U.S.C. § 2241)

------------

### JURISDICTION

1.    The Court has jurisdiction over this petition for a writ of habeas corpus pursuant of 28 U.S.C. §§ 2241 and 1331 and 48 U.S.C. § 1424(b).

### PARTIES

2.    Petitioner, Alfonso Gonzalez-Contreras, is unlawfully detained at the Adult Correctional Facility, No. 1 Mashburn Lane, Mangilao, Guam, under and by virtue of an order remanding petitioner to the custody of the United States Marshal for Guam and the Northern Mariana Islands made and entered in United States of America vs. Alfonso Gonzalez-Contreras, et al., Criminal Case No. 02-00026 in this Court, on May 16, 2003, as hereinafter more fully appears.   A certified copy of the minute entry of the order of

ORIGINAL

(PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL
CUSTODY (22 U.S.C. § 2241)
Civil Case No.

remand is hereto annexed.

     2.    Respondent, Joaquin L.G. Salas, is the United States
Marshal for Guam and the Northern Mariana Islands.

PROCEDURAL HISTORY

     3.    On October 2, 2003, petitioner was indicted for,
among other things, three counts of importing and one count of
conspiring to import a controlled substance into the United States
from a place outside thereof.  A certified copy of the indictment
is hereto annexed.

     4.    On May 16, 2003, a jury found petitioner guilty as
charged.  A certified copy of the verdict is hereto annexed.

     5.    After the government had closed its evidence, and
after the close of all the evidence, petitioner moved for a
judgment of acquittal and raised the very claim which petitioner
presents for determination by this petition.

GROUND FOR RELIEF—PETITIONER
HAS BEEN CONVICTED OF OFFENSES
WHICH ARE NON-EXISTENT

     6.    The ground on which petitioner claims that his
detention is unlawful is as follows:

     (a) At the times of the motions for judgment of
acquittal, at the time of the verdict, and until June 6, 2003,
petitioner's claim was foreclosed by circuit law in that it was the
settled law of this circuit that all the Government need show for

2

a finding of importation is that the controlled substance entered
the United States from international waters or airspace.  (See
<u>United States v. Cabaccang</u>, No. 98-10159, slip op. at 7601, 2003
U.S. App. LEXIS 11315, at *36, 2003 WL 21297183, at *9 (9th Cir.
June 6, 2003)(en banc).)

 (b) On June 6, 2003, the court of appeals for this
circuit changed the law by overruling the foregoing law and holding
that the transport of a controlled substance through international
airspace on a flight from one United States location to another
United States location does not constitute the offense of importing
a controlled substance into the United States from a place outside
thereof.  (See <u>Cabaccang</u>, slip op. at 7601, 7602, 2003 App. LEXIS
11315, at *36, *39, 2003 WL 21297183, at *9.)

 (c) The evidence was insufficient to sustain a conviction
of the offenses in question.  The government failed to show that
the controlled substance was imported, or that defendant conspired
to import the controlled substance, into the United States from a
place outside thereof.  In fact, the evidence was to the contrary.
If the government showed anything, it showed that the controlled
substance was imported, and that the object of the conspiracy was
to import the controlled substance, through international airspace
on flights from California to Guam.

NO OTHER REMEDY

 9. No other remedy is available to petitioner.  The

3

very last day on which petitioner was authorized to renew his
motion for judgment of acquittal or to make a motion for a new
trial or to arrest judgment was May 28, 2003, nine days prior to
the date on which the law of this circuit was changed as foresaid.
Also, the remedy by motion pursuant to 28 U.S.C. § 2255 is
inadequate and ineffective to test the legality of petitioner's
detention, because petitioner has yet to be sentenced.

### NO OTHER APPLICATION

10.  Petitioner has not earlier applied for a writ of
habeas corpus in this or any other Court.

### PRAYER FOR RELIEF

Wherefore petitioner prays that the Court grant
petitioner all of the relief to which he may be entitled in this
proceeding.

Dated at Mangilao, Guam, this 3rd day of July, 2003.


_____
ALFONSO GONZALEZ-CONTRERAS
Petitioner

Dated at Hagåtña, Guam, this 3rd day of July, 2003.


_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for petitioner

4

(PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL
CUSTODY (22 U.S.C. § 2241)
Civil Case No.

## DECLARATION UNDER PENALTY OF PERJURY

I, Alfonso Gonzalez-Contreras, declare under penalty of
perjury that I am the petitioner in the above-entitled proceeding,
that I have read the foregoing petition and know the contents
thereof, and that the same is true and correct.

Executed on July 3, 2003, at Mangilao, Guam.

ALFONSO GONZALEZ-CONTRERAS
Petitioner

(DOCUMENT\petwritofhabeascorpus.AContreras)

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES - TRIAL

**CASE NO. CR-02-00026**          **DATE: 05/16/2003**          **TIME: 9:06 a.m.**
*****************************************************************************************

HONORABLE JOHN S. UNPINGCO, Chief Judge, Presiding
Court Recorder: Leilani Toves Hernandez (AM) / Renee Martinez (PM)
Hearing Electronically Recorded (RUN TIME: 9:06:30 - 5:22:30)

Law Clerk: J. HATTORI
Courtroom Deputy: Leilani Toves Hernandez
CSO: B. Peredo & J. Lizama

*********************** A P P E A R A N C E S ***********************

**DEFT(1) ALFONSO GONZALEZ-CONTRERAS**
( X ) PRESENT  ( X ) CUSTODY  ( ) BOND  ( ) P.R.
**ATTY HOWARD TRAPP**
( X ) PRESENT  ( X ) RETAINED  ( ) FPD  ( ) CJA APPOINTED

**DEFT(3) LEANNE FERN CONTRERAS**
( X ) PRESENT  ( X ) CUSTODY  ( ) BOND  ( ) P.R.
**ATTY SANDRA LYNCH**
( X ) PRESENT  ( ) RETAINED  ( ) FPD  ( X ) CJA APPOINTED

U.S. ATTORNEY: MARK KONDAS

AGENT: RAY QUINTANILLA, Task Force Agent, D.E.A.

U.S. PROBATION: _____

U.S. MARSHAL:  R. LUMAGUI, G. PEREZ, & S. LUJAN

INTERPRETER: _____ LANGUAGE: _____  ( ) SWORN  ( ) PREVIOUSLY SWORN

*****************************************************************************************

### DAY NO. _8_ OF TRIAL

( X ) JURY TRIAL          ( ) COURT TRIAL
( ) JURY SELECTION
( ) JURY IMPANELED AND SWORN
( ) OPENING STATEMENT(S) BY THE ____ Government _ _____Defense
( ) WITNESSES SWORN AND EXAMINED       ( ) EXHIBITS MARKED AND ADMITTED
        SEE ATTACHED EXHIBIT AND WITNESS LIST, AO FORM 187 (and 187A, when applicable)
( ) MOTION FOR JUDGMENT OF ACQUITTAL ___Granted ___ Denied ___Under Advisement
( ) CASE CONTINUED TO_____at_____FOR FURTHER TRIAL
( ) JURORS EXCUSED FOR LUNCH FROM _____TO_____
( ) JURORS ADMONISHED AND INSTRUCTED TO RETURN _____
( ) CLOSING ARGUMENTS BY THE ___ Government ___Defense
( ) JURY CHARGED BY COURT
( X ) JURY RETIRES TO DELIBERATE AT__ 9:10 a.m.
( ) JURY DELIBERATION CONTINUED TO _____ at_____
( X ) JURY RETURNS AT___ 4:58 p.m.
( X ) JURY VERDICT (SEE SIGNED VERDICT AS TO EACH DEFENDANT)

DEFT(1) / X /GUILTY/CTS  _1 - 15_ / /NOT GUILTY/CTS_____    DEFT(3) / X /GUILTY/CTS _14 & 15_ / X /NOT GUILTY/CTS 11 - 13

DEFT(2) /  /GUILTY/CTS_____ /  /NOT GUILTY/CTS_____    DEFT(4) /  /GUILTY/CTS_____ /  /NOT GUILTY/CTS_____

( X ) JURY POLLED  ( ) POLLING WAIVED  ( ) MISTRIAL DECLARED  ( ) JURY DISCHARGED
( ) MOTION AFTER VERDICT  ( ) FINDING BY THE COURT

( ) DEFENDANT(S) TO REMAIN ON BOND
( X ) DEFENDANT(S) REMANDED TO CUSTODY
( X ) COURT ORDERS PRESENTENCE REPORT DUE ON _July 10, 2003_
( X ) CASE CONTINUED UNTIL  August 14, 2003 _ at 1:30 p.m. FOR SENTENCING.

NOTES:

FILED
DISTRICT COURT OF GUAM

MAY 16 2003

MARY L. M. MORAN
CLERK OF COURT

127

I hereby certify that the annexed
instrument is a true copy of the
original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam

By: _____
Deputy Clerk

COURTROOM DEPUTY: _____
L:\Docs\COURTROOM MINUTES\CR-02-00026,day8.wpd

END TIME: 5:22 p.m.



1  contrerasind

2  FREDERICK A. BLACK
   United States Attorney
3  MARK KONDAS
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7334

7  Attorneys for the United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10                  FOR THE TERRITORY OF GUAM

11

12  UNITED STATES OF AMERICA,        )    CRIMINAL CASE NO. 02-00026
                                     )
13                   Plaintiff,      )    **SUPERSEDING INDICTMENT**
                                     )
14                                   )    **CONSPIRACY TO IMPORT
                                     )    CRYSTAL METHAMPHETAMINE
15                                   )    a/k/a ICE**
                                     )    [21 U.S.C. §§ 952(a), 960(a)(1) & 963]
16                                   )    (Count 1)
                                     )    **CONSPIRACY TO DISTRIBUTE
17                                   )    CRYSTAL METHAMPHETAMINE
                                     )    a/k/a ICE**
18           vs.                     )    [21 U.S.C. §§ 841(a)(1) & 846]
                                     )    (Count 2)
19                                   )    **IMPORTATION OF CRYSTAL
                                     )    METHAMPHETAMINE a/k/a ICE**
20                                   )    [21 U.S.C. §§ 952(a) and 960(a)(1) &
                                     )    18 U.S.C. § 2]
21                                   )    (Counts 3, 5 & 7)
                                     )    **DISTRIBUTION OF CRYSTAL
22                                   )    METHAMPHETAMINE a/k/a ICE**
                                     )    [21 U.S.C. § 841(a) & 18 U.S.C. § 2]
23                                   )    (Counts 4, 6, & 8)
                                     )    **USE OF AN INTERSTATE FACILITY
24  ALFONSO GONZALEZ-CONTRERAS,      )    IN AID OF RACKETEERING
    aka PONCHO, and                  )    ENTERPRISES**
25  LEANNE FERN CONTRERAS,           )    [18 U.S.C. §§ 1952(a)(1) & (a)(3) and 2]
                                     )    (Counts 9-15)
26                   Defendants.     )    **CONSPIRACY TO COMMIT
                                     )    MONEY LAUNDERING**
27                                   )    [18 U.S.C. §§ 1956(a)(3)(A), 2 and 1956(h)]
                                     )    (Count 16)
28  _____)

                                -1-

THE GRAND JURY CHARGES:

## COUNT 1 - CONSPIRACY TO IMPORT CRYSTAL METHAMPHETAMINE a/k/a ICE

Beginning on about February 7, 2002, the exact date being unknown to the Grand Jury, and continuing to on or about April 2, 2002, both dates being approximate and inclusive, in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to import into the United States from a place outside thereof, over 1.5 kilograms of Crystal Methamphetamine a/k/a "ice", a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1).

All in violation of Title 21, United States Code, Section 963.

## COUNT 2 - CONSPIRACY TO DISTRIBUTE CRYSTAL METHAMPHETAMINE a/k/a ICE

Beginning on about February 7, 2002, the exact date being unknown to the Grand Jury, and continuing to on or about April 2, 2002, both dates being approximate and inclusive, in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to distribute 1.5 kilograms or more of Crystal Methamphetamine a/k/a "ice", a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT 3 - IMPORTATION OF CRYSTAL METHAMPHETAMINE a/k/a ICE

On about February 19, 2002, in the District of Guam, the defendant herein, ,ALFONSO GONZALES-CONTRERAS a/k/a PONCHO, did unlawfully, intentionally, and knowingly import into the United States, from a place outside thereof, 1,813 grams or more of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1) and Title 18, United States Code, Section 2.

-2-

## COUNT 4 - DISTRIBUTION OF CRYSTAL METHAMPHETAMINE a/k/a ICE

On about February 19, 2002, in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, knowingly and intentionally distributed 1,813 grams or more of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 5 - IMPORTATION OF CRYSTAL METHAMPHETAMINE a/k/a ICE

On about March 6, 2002, in the District of Guam, the defendant, ALFONSO GONZALES-CONTRERAS a/k/a PONCHO, did unlawfully, intentionally, and knowingly import into the United States, from a place outside thereof, 2,721 grams of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1) and Title 18, United States Code, Section 2.

## COUNT 6 - DISTRIBUTION OF CRYSTAL METHAMPHETAMINE a/k/a ICE

On about March 6, 2002, in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, knowingly and intentionally distributed 2,721 grams or more of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of and Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 7 - IMPORTATION OF CRYSTAL METHAMPHETAMINE a/k/a ICE

On about April 1, 2002, in the District of Guam, the defendant, ALFONSO GONZALES-CONTRERAS a/k/a PONCHO, did unlawfully, intentionally, and knowingly import into the United States, from a place outside thereof, 4,458 grams of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1) and Title 18, United States Code, Section 2.

## COUNT 8 - DISTRIBUTION OF CRYSTAL METHAMPHETAMINE a/k/a ICE

On about April 1, 2002, in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, knowingly and intentionally distributed 4,458

-3-

grams or more of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 9 - USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING ENTERPRISES

On about March 11, 2002 at approximately 9:20 a.m. (Chamorro Time), in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, did use and caused to be used a facility in interstate and foreign commerce, that is, the telephone, between the United Mexican States and Guam with intent to:

      i.  distribute the proceeds of an unlawful activity; and

      ii.  promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity,

said unlawful activity being a business enterprise involving the distribution of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846, and thereafter did perform and attempt to perform acts to:

      i.  distribute the proceeds of said unlawful activity; and

      ii.  promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) & (a)(3) and 2.

## COUNT 10 - USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING ENTERPRISES

On about March 26, 2002 at approximately 9:15 a.m. (Chamorro Time), in the District of Guam and elsewhere, the defendant, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, did use and caused to be used a facility in interstate and foreign commerce, that is, the telephone, between the United Mexican States and Guam with intent to:

      i.  distribute the proceeds of an unlawful activity; and

      ii.  promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity,

-4-

said unlawful activity being a business enterprise involving the distribution of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter did perform and attempt to perform acts to:

      i.  distribute the proceeds of said unlawful activity; and

      ii.  promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) & (a)(3) and 2.

## COUNT 11 - USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING ENTERPRISES

On about March 26, 2002 at approximately 10:07 a.m. (Chamorro Time), in the District of Guam and elsewhere, the defendant, LEANNE FERN CONTRERAS, did use and caused to be used a facility in interstate and foreign commerce, that is, the telephone, between California and Guam with intent to:

      i.  distribute the proceeds of an unlawful activity; and

      ii.  promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity,

said unlawful activity being a business enterprise involving the distribution of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter did perform and attempt to perform acts to:

      i.  distribute the proceeds of said unlawful activity; and

      ii.  promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) & (a)(3) and 2.

//

//

## COUNT 12 - USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING ENTERPRISES

-5-

On about March 26, 2002 at approximately 11:15 a.m. (Chamorro Time), in the District of Guam and elsewhere, the defendant, LEANNE FERN CONTRERAS, did use and caused to be used a facility in interstate and foreign commerce, that the, a telephone, between California and Guam with intent to:

      i. distribute the proceeds of an unlawful activity; and

      ii. promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity,

said unlawful activity being a business enterprise involving the distribution of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter did perform and attempt to perform acts to:

      i. distribute the proceeds of said unlawful activity; and

      ii. promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) & (a)(3) and 2.

## COUNT 13 - USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING ENTERPRISES

On about March 27, 2002 at approximately 11:50 a.m. (Chamorro Time), in the District of Guam and elsewhere, the defendant, LEANNE FERN CONTRERAS, did use and caused to be used a facility in interstate and foreign commerce, that is, a telephone, between California and Guam with intent to:

      i. distribute the proceeds of an unlawful activity; and

      ii. promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity,

said unlawful activity being a business enterprise involving the distribution of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846, and thereafter did perform and attempt to perform acts to:

      i. distribute the proceeds of said unlawful activity; and

-6-

ii. promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) & (a)(3) and 2.

## COUNT 14 - USE OF AN INTERSTATE FACILITY IN AID OF RACKETEERING ENTERPRISES

On about March 29, 2002 at approximately 7:10 a.m. (Chamorro Time), in the District of Guam and elsewhere, the defendant, LEANNE FERN CONTRERAS, did use and caused to be used a facility in interstate and foreign commerce, that is, the telephone, between California and Guam with intent to:

i. distribute the proceeds of an unlawful activity; and

ii. promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity,

said unlawful activity being a business enterprise involving the distribution of Crystal Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter did perform and attempt to perform acts to:

i. distribute the proceeds of said unlawful activity; and

ii. promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) & (a)(3) and 2.

## COUNT 15 - CONSPIRACY TO COMMIT MONEY LAUNDERING

Beginning on about March 11, 2002, and continuing through on about April 2, 2002, both dates being approximate and inclusive, within the District of Guam, and elsewhere, the defendants, ALFONSO GONZALES-CONTRERAS, a/k/a PONCHO, and LEANNE FERN CONTRERAS, did conspire and agree with one another and with others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956, as follows:

with intent to promote the carrying on of a specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer, to wit, DEA Task Force

-7-

Agent, to be proceeds of specified unlawful activity, to wit: distribution of Crystal

Methamphetamine a/k/a Ice, a Schedule II controlled substance, in violation of Title 21, United

States Code, Sections 841(a)(1) and 846, in violation of Title 18, United States Code, Sections

1956(a)(3)(A) and 2.

All in violation of 1956(h).

DATED this 2nd day of October 2002.

A TRUE BILL.

CONCEPCION B. RIVERA

Foreperson

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

By: _____

MARK E. KONDAS
Assistant U.S. Attorney

I hereby certify that the annexed
instrument is a true copy of the
original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam

By: _____

Deputy Clerk

-8-



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 02-00026 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **V E R D I C T** |
| ) | |
| ALFONSO GONZALEZ-CONTRERAS ) | |
| a/k/a PONCHO and ) | |
| LEANNE FERN CONTRERAS, ) | |
| ) | |
| Defendants. ) | |

We, the Jury, in the above-entitled case unanimously find the Defendant, **ALFONSO GONZALEZ-CONTRERAS a/k/a PONCHO**:

### COUNT 1

Violation of Sections 952(a), 960(a)(1) and 963, Title 21, United States Code, Conspiracy to Import 50 grams or more of Crystal Methamphetamine a/k/a "Ice":

/    /    NOT GUILTY

/✗/    GUILTY

### COUNT 2

Violation of Sections 841(a)(1) and 846, Title 21, United States Code, Conspiracy to Distribute 50 grams or more of Crystal Methamphetamine a/k/a "Ice":

/    /    NOT GUILTY

/✗/    GUILTY

## COUNT 3

Violation of Sections 952(a) and 960(a)(1), Title 21, and Section 2, Title 18, United States Code, Importation of 1,813 grams or more of Crystal Methamphetamine a/k/a "Ice":

/     /     NOT GUILTY

/ ⨯ /     GUILTY

## COUNT 4

Violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code, Distribution of 1,813 grams or more of Crystal Methamphetamine a/k/a "Ice":

/     /     NOT GUILTY

/ ⨯ /     GUILTY

## COUNT 5

Violation of Sections 952(a) and 960(a)(1), Title 21, and Section 2, Title 18, United States Code, Importation of 2,271 grams of Crystal Methamphetamine a/k/a "Ice":

/     /     NOT GUILTY

/ ⨯ /     GUILTY

## COUNT 6

Violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code, Distribution of 2,721 grams or more of Crystal Methamphetamine a/k/a "Ice":

/     /     NOT GUILTY

/ ⨯ /     GUILTY

//
//
///

**COUNT 7**

Violation of Sections 952(a) and 960(a)(1), Title 21, and Section 2, Title 18, United States Code, Importation of 4,458 grams of Crystal Methamphetamine a/k/a "Ice":

/ / NOT GUILTY

/ ⨯ / GUILTY

**COUNT 8**

Violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code, Distribution of 4,458 grams or more of Crystal Methamphetamine a/k/a "Ice":

/ / NOT GUILTY

/ ⨯ / GUILTY

**COUNT 9**

Violation of Sections 1952(a)(1) & (a)(3) and 2, Title 18, United States Code, Use of an Interstate Facility in Aid of Racketeering Enterprises:

/ / NOT GUILTY

/ ⨯ / GUILTY

**COUNT 10**

Violation of Sections 1952(a)(1) & (a)(3) and 2, Title 18, United States Code, Use of an Interstate Facility in Aid of Racketeering Enterprises:

/ / NOT GUILTY

/ ⨯ / GUILTY

///

///

///

## COUNT 15

Violation of Sections 1956(a)(3)(A) and 1956(h), Title 18, United States Code,

Conspiracy to Commit Money Laundering:

/ / NOT GUILTY

/ X / GUILTY

DATED this _16_ day of _May_____, 2003, at Hagatna, Guam.

_____
FOREPERSON

I hereby certify that the annexed
instrument is a true copy of the
original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam

By:_____
Deputy Clerk

## DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am a secretary employed by Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for petitioner herein, and that on July 3, 2003, I served the document to which this declaration of service is annexed on Joaquin L.G. Salas, United States Marshal for Guam and the Northern Mariana Islands, the respondent herein, by leaving a copy at his office at 344 U.S. District Courthouse, 520 West Soledad Avenue, Hagåtña, Guam, his last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, at Hagåtña, Guam.

_____
CHARLENE C. CRUZ

## DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am a secretary employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for petitioner Alfonso Gonzalez-Contreras herein, and that on July 3, 2003, I served the document to which this declaration is annexed on Leonardo Matias Rapadas, Esq., the United States Attorney for Guam and the Northern Mariana Islands, by leaving a copy thereof at his office at Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, his last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, 2003, at Hagåtña, Guam.

_____
CHARLENE C. CRUZ